WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deanna Keith, | No. CV-13-01892-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Carolyn W. Colvin, | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion for Order to Show Cause Why Defendant Should Not be Held in Contempt for the Willful Refusal to Comply with a Stipulated Court Order, (Doc. 25), and Defendant's unopposed Motion for Leave to File Sur-Reply, (Doc. 29). The Court now rules on the motions.

**I.  Background**

The issue presented in Plaintiff's motion derives from the alleged failure of Defendant to comply with the Court's June 26, 2014 Order (the "Remand Order") that remanded this matter to an administrative law judge ("ALJ") for further proceedings. *See* (Doc. 18). The Remand Order expressly required the ALJ to "(1) hold a new hearing and give Plaintiff the opportunity to question Dr. Levison and Dr. Allison; (2) appropriately decline to give any weight to the June 2008 report of Dr. Prieve; and (3) as necessary, proceed with the sequential evaluation process." (*Id.* at 1). On September 9, 2015, the parties appeared before the ALJ for supplemental proceedings. (Doc. 25 at 3). At this hearing, the ALJ did not call Dr. Levison or Dr. Allison to testify and stated that the two

doctors "would not [be] allow[ed]" to attend the hearing. (Doc. 25-1 at 6). Soon thereafter, Plaintiff filed her motion to show cause. (Doc. 25).

Defendant responded by warranting that it would immediately schedule another hearing where the ALJ would call the two doctors to testify. (Doc. 26 at 1–2). The only sentence Defendant devoted to explaining the ALJ's actions is the following footnote: "[t]he ALJ apparently felt that the case could be fairly adjudicated without [the] testimony [of Dr. Levison and Dr. Allison], but subsequent discussions have clarified the need to follow the court's order to the letter." (*Id.* at 2). That same day, Plaintiff filed a reply to acknowledge that Defendant was attempting to comply with the Remand Order but insisted that her motion be held in abeyance until after the hearing. (Doc. 27).

On March 21, 2016, Plaintiff filed a "Sur-Reply: Status Report on Order to Show Cause Request" to notify the Court that although the ALJ held another hearing on December 4, 2015, Dr. Levison appeared telephonically and was unprepared to testify. (Doc. 28 at 1). Particularly, Plaintiff asserts that Dr. Levison did not have Plaintiff's medical records before him, nor did he remember what he had written in his original report. (*Id.* at 2). Apparently, Dr. Levison also testified that he had not been given the relevant medical exhibits to review before the date of the hearing. (*Id.*)

On March 31, 2016, Defendant moved for leave to file a sur-reply, which Plaintiff did not oppose. (Doc. 29).[1] The lodged sur-reply explains that Defendant subpoenaed Dr. Levison to appear at the December 4, 2015 hearing and to bring all relevant materials with him. The subpoena, dated November 9, 2015, states as follows:

> You are hereby required to appear and testify in the above case at a hearing to be held by Paula Fow, an Administrative Law Judge of the Office of Disability Adjudication and Review. The hearing will be held on the Fourth day of December at 9:00 AM Mountain (ARIZONA) (MSTA) o'clock in Room E of the ADAR Phoenix 5 Building, at 3737 N. 7th Street, Phoenix, AZ 85014.
> You are further required to bring with you and produce at said

---

[1] Because Plaintiff did not oppose Defendant's motion for leave and for good cause appearing the Court will grant Defendant's motion.

- 2 -

>hearing the following books, correspondence, papers, records or other documents: and any other evidence in your possession relating to the above matter.
>Telephonic testimony is acceptable.

Defendant argues that it complied with the portion of the Remand Order obligating it to make Dr. Levison available for further questioning because it subpoenaed the doctor to testify and ordered him to bring all relevant documents to the hearing. In Defendant's view, whether Dr. Levison was ill-prepared for the December 4, 2015 hearing concerns the weight of his testimony, not Defendant's compliance with the Remand Order.

## II. Analysis

The Court agrees with Defendant that the adequacy of Dr. Levison's testimony should be weighed by the ALJ in her disability determination, not by the Court via a motion challenging Defendant's compliance with the Remand Order. Defendant complied with the section of the Remand Order requiring the ALJ to "hold a new hearing and give Plaintiff the opportunity to question Dr. Levison and Dr. Allison" when it (1) subpoenaed Dr. Levison to appear at and bring all relevant materials to the December 4, 2015 hearing and (2) conducted the hearing.[2] Whether Dr. Levison sufficiently prepared for the hearing speaks not to Defendant's compliance with the Remand Order but to the weight of Dr. Levison's testimony, which is an issue not presently before the Court. *See Balla v. Idaho State Bd. of Corrs.*, 869 F.2d 461, 465 (9th Cir. 1989) ("[I]t is well settled that 'a contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed and thus become a retrial of the original controversy.'" (quoting *United States v. Rylander*, 460 U.S. 752, 756 (1983))).

Furthermore, to the extent Plaintiff complains that the ALJ violated the Remand Order by permitting Dr. Levison to testify telephonically, Plaintiff has not shown that the ALJ violated Social Security Administration ("SSA") Regulations by doing so. There is nothing in the Remand Order requiring Dr. Levison to appear in person, and SSA Regulations expressly permit a medical expert witness to testify by telephone. *See* 20

---

[2] Plaintiff does not allege any issues with her ability to re-question Dr. Allison.

- 3 -

C.F.R. §§ 404.950(e) (2013), 404.936(c)(2) (2014). Here, the ALJ has not issued her final disability decision, and nothing in the record suggests that the ALJ failed to follow the SSA Regulations. Accordingly, this issue is not properly before the Court at this time.[3]

Consequently, the Court will deny Plaintiff's motion for order to show cause.

## III.   Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion for Leave to File Sur-Reply (Doc. 29) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file Defendant's sur-reply that is currently lodged at Docket No. 30.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Order to Show Cause Why Defendant Should Not be Held in Contempt for the Willful Refusal to Comply with a Stipulated Court Order, (Doc. 25), is **DENIED**.

Dated this 15th day of June, 2016.

James A. Teilborg
Senior United States District Judge

---

[3] Although SSA Regulations permit medical experts to testify by telephone, *see* § 404.936(c)(2), the ALJ was required to give Plaintiff notice that Dr. Levison would do so, *see id.* § 404.938(b) (2014). Plaintiff stated that she objected to the telephonic testimony at the December 4, 2015 hearing but did not express whether she received proper notice before the hearing. (Doc. 28 at 2). Based on the record before it, the Court cannot find that the ALJ violated the Remand Order by allowing Dr. Levison to testify by telephone. The Court notes, however, that its decision is without prejudice to Plaintiff seeking the relief she believes to be appropriate after the ALJ renders her disability decision. *See Cooley v. Colvin*, 2015 WL 1518096, at *21 (D.S.C. Mar. 31, 2015) (finding that an ALJ's heavy reliance on a medical expert who did not review all of the evidence was a "significant reason" for the ALJ to require in-person testimony). At this time, however, deciding whether the ALJ's decision to overrule Plaintiff's objection was justified is premature as the ALJ has yet to issue a disability ruling.